**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHRISTMAS TREE SHOPS, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 7<br><br>Case No. 23-10576 (TMH)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of CHRISTMAS TREE SHOPS, LLC *et al.*,<br><br>                Plaintiff,<br><br>vs.<br><br>A1 JANITORIAL CLEANING SERVICE,<br><br>MEDFORD WELLINGTON SERVICE CO., INC.<br><br>R.R. DONNELLEY & SONS COMPANY,<br><br>SCHNEIDER NATIONAL INC.,<br><br>SPANGLER CANDY CO.,<br><br>STAPLES BUSINESS ADVANTAGE,<br><br>TATE'S WHOLESALE LLC<br><br>WILTON INDUSTRIES, INC.,<br><br>                Defendants. | <br><br><br><br><br><br><br><br>Adv. Proc. No. 25-50823 (TMH)<br><br>Adv. Proc. No. 25-50856 (TMH)<br><br>Adv. Proc. No. 25-50859 (TMH)<br><br>Adv. Proc. No. 25-50863 (TMH)<br><br>Adv. Proc. No. 25-50868 (TMH)<br><br>Adv. Proc. No. 25-50870 (TMH)<br><br>Adv. Proc. No. 25-50874 (TMH)<br><br>Adv. Proc. No. 25-50884 (TMH) |

                  **Objection Deadline: November 6, 2025, at 4:00 p.m. (ET)**
                  **Hearing Date: December 2, 2025, at 10:00 a.m. (ET)**

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: Christmas Tree Shops, LLC (1207), Handil, LLC (1150), Handil Holdings, LLC (2891), Salkovitz Family Trust 2, LLC (8773), and Nantucket Distributing Co., LLC (1640).

**SECOND OMNIBUS MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

George L. Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements")[2] between the Trustee and the following parties:

    a.    A1 Janitorial Cleaning Service ("A1 Janitorial"), Adv. Proc. No. 25-50823;

    b.    Medford Wellington Service Co., Inc. ("Medford"), Adv. Proc. No. 25-50856 (TMH);

    c.    R.R. Donnelley & Sons Company ("R.R. Donnelley"), Adv. Proc. No. 25-50859;

    d.    Scheider National Inc. ("Schneider"), Adv. Proc. No. 25-50863;

    e.    Spangler Candy Co. ("Spangler"), Adv. Proc. No. 25-50868;

    f.    Staples Business Advantage ("Staples"), Adv. Proc. No. 25-50870;

    g.    Tate's Wholesale LLC ("Tate's"), Adv. Proc. No. 25-50874; and

    h.    Wilton Industries, Inc. ("Wilton"), Adv. Proc. No. 25-50884.

Copies of the Settlement Agreements are attached to Proposed Order as Exhibits 1 to 8. In support of this Motion, the Trustee respectfully states as follows:

**JURISDICTION**

1.    The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the*

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the respective Settlement Agreements.

4899-3163-1212.2 57097.001    2

*United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

4. On May 5, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  These cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. On August 16, 2023, the Court entered an order converting the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code, effective as of August 16, 2023 (the "Conversion Date") [Docket No. 545].

6. On August 16, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed George L. Miller as the chapter 7 trustee in these cases [Docket No. 546].

7. Following the Conversion Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that each of the

Defendants received payments from the Debtors on account of outstanding indebtedness within the ninety days prior to the Petition Date (the "90-Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and which the Defendants dispute.

8. Thereafter, the Trustee filed complaints against various Defendants requesting payment of the 90-Day Transfers, and the parties engaged in good faith, arms' length negotiations to resolve the matters.

### SUMMARY OF SETTLEMENT AGREEMENTS[3]

**A.    A1 Janitorial**

9. On May 5, 2025, the Trustee filed a complaint against A1 Janitorial, Adv. Pro. No. 25-50823 alleging that certain payments made by the Debtors to A1 Janitorial constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against A1 Janitorial sought the avoidance and recovery of alleged preferential transfers totaling $58,797.86. Following good faith negotiations between the parties, a settlement was reached.

10. As set forth in the A1 Janitorial Settlement Agreement, the primary terms are as follows:

    a. A1 Janitorial shall pay to the Trustee, the aggregate sum of $10,000.00 according to the following schedule: (i) $2,500.00 within 7 days of Court approval of the Settlement Agreement (the "First Payment"); (ii) 2,500.00 within 30 days after the First Payment; (iii) 2,500.00 within 60 days after the First Payment; and (iv) 2,500.00 within 90 days after the First Payment (the "Final Payment")

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

       b.      Within ten (10) business days after the Trustee's receipt of the Final Payment, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

       c.      The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and A1 Janitorial also waives the right to file a section 502(h) claim.

**B.**     <u>**Medford**</u>

11.    On May 5, 2025, the Trustee filed a complaint against Medford, Adv. Pro. No. 25-50856 alleging that certain payments made by the Debtors to Medford constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against R.R. Donnelly sought the avoidance and recovery of alleged preferential transfers totaling $149,945.15. Following good faith negotiations between the parties, a settlement was reached.

12.    As set forth in the Medford Settlement Agreement, the primary terms are as follows:

       a.      Within seven (7) days of Court approval of the Settlement Agreement, Medford shall pay to the Trustee $70,000.00.

       b.      Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

       c.      The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Medford waives the right to file a section 502(h) claim.

**C.     R.R. Donnelley**

13.     On May 5, 2025, the Trustee filed a complaint against R.R. Donnelley, Adv. Pro. No. 25-50859 alleging that certain payments made by the Debtors to R.R. Donnelley constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against R.R. Donnelly sought the avoidance and recovery of alleged preferential transfers totaling $229,125.61.  Following good faith negotiations between the parties, a settlement was reached.

14.     As set forth in the R.R. Donnelley Settlement Agreement, the primary terms are as follows:

a.     Within thirty (30) days of Court approval of the Settlement Agreement, R.R. Donnelly shall pay to the Trustee $70,000.00.

b.     Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

c.     The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and R.R. Donnelly waives the right to file a section 502(h) claim.

**D.     Schneider**

15.     On May 5, 2025, the Trustee filed a complaint against Schneider, Adv. Pro. No. 25-50863 alleging that certain payments made by the Debtors to Spangler constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550.  The complaint against Spangler sought the avoidance and recovery of alleged preferential transfers totaling $56,299.99.  Following good faith negotiations between the parties, a settlement was reached.

16.     As set forth in the Schneider Agreement, the primary terms are as follows:

   a.  Within fifteen (15) days of Court approval of the Settlement Agreement pursuant to a final, nonappealable order and receipt of a W-9 from the Trustee, R.R. Donnelly shall pay to the Trustee $20,000.00.

   b.  Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

   c.  The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Schneider waives the right to file a section 502(h) claim.

**E.** **Spangler**

17. On May 5, 2025, the Trustee filed a complaint against Spangler, Adv. Pro. No. 25-50868 alleging that certain payments made by the Debtors to Spangler constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Spangler sought the avoidance and recovery of alleged preferential transfers totaling $57,948.48. Following good faith negotiations between the parties, a settlement was reached.

18. As set forth in the Spangler Agreement, the primary terms are as follows:

   a.  After entry of a final order of the Bankruptcy Court approving the Settlement Agreement, Spangler shall pay to the Trustee $48,000.00.

   b.  Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

   c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Spangler waives the right to file a section 502(h) claim.

**F. Staples**

19. On May 5, 2025, the Trustee filed a complaint against Staples, Adv. Pro. No. 25-50870 alleging that certain payments made by the Debtors to Staples constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Staples sought the avoidance and recovery of alleged preferential transfers totaling $109,145.57. Following good faith negotiations between the parties, a settlement was reached.

20. As set forth in the Staples Settlement Agreement, the primary terms are as follows:

   a. Staples shall pay to the Trustee $12,000.00.

   b. Within ten (10) business days after the Trustee's receipt of the Settlement Payment, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

   c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Staples waives the right to file a section 502(h) claim.

**G. Tate's**

21. On May 5, 2025, the Trustee filed a complaint against Tate's, Adv. Pro. No. 25-50874 alleging that certain payments made by the Debtors to Wilton constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Wilton sought the

avoidance and recovery of alleged preferential transfers totaling $267,508.00. Following good faith negotiations between the parties, a settlement was reached.

    22.    As set forth in the Tate's Settlement Agreement, the primary terms are as follows:

    a.    Within the later of seven (7) days of Court approval of the Settlement Agreement or thirty-five (35) days from the date of the Settlement Agreement, Staples shall pay to the Trustee $175,000.00.

    b.    Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

    c.    The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Tate's waives the right to file a section 502(h) claim.

**H.**    <u>**Wilton**</u>

    23.    On May 5, 2025, the Trustee filed a complaint against Wilton, Adv. Pro. No. 25-50884 alleging that certain payments made by the Debtors to Wilton constituted preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. The complaint against Wilton sought the avoidance and recovery of alleged preferential transfers totaling $202,178.99. Following good faith negotiations between the parties, a settlement was reached.

    24.    As set forth in the Wilton Settlement Agreement, the primary terms are as follows:

    a.    Within seven (7) days of Court approval of the Settlement Agreement, Staples shall pay to the Trustee $125,000.00.

  b. Within ten (10) business days after the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Adversary Action is dismissed.

  c. The parties will exchange mutual releases in connection with the 90-Day Transfers and/or the Adversary Action, and Wilton waives the right to file a section 502(h) claim.

## RELIEF REQUESTED

25. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as <u>Exhibits 1 to 8</u> to the Proposed Order.

## BASIS FOR RELIEF REQUESTED

**A.** **<u>Approval Pursuant to Bankruptcy Rule 9019</u>**

26. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

27. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

28. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

29. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise

is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

30. The Trustee believes the Settlement Agreements are fair and reasonable and are in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. The settlements are the product of good-faith discussions and arms'-length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

31. First, the Settlement Agreements resolve potential costly litigation over recovery of the 90-Day Transfers. The Settlement Agreements are favorable because the estates receive significant cash recoveries from each of the Defendants. In addition to the new value defense which is a question of fact and subject to proof, the Trustee also analyzed various defenses such as the application of the ordinary course of business and contemporaneous exchange defense.

32. The settlements avoid any collection difficulties or delays if the Trustee were to litigate the 90-Day Transfers against each of the Defendants, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee. In addition, the Settlement Agreements are in the best interests of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against each of the Defendants.

33. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

34. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

## NOTICE

35. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware;

(b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

| | |
|---|---|
| Dated:  October 23, 2025 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Peter J. Keane* |
| | Bradford J. Sandler (DE Bar No. 4142) |
| | Peter J. Keane (DE Bar No. 5503) |
| | Edward A. Corma (DE Bar No. 6718) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone:  (302) 652-4100 |
| | Facsimile:  (302) 652-4400 |
| | Email:   bsandler@pszjlaw.com |
| |            pkeane@pszjlaw.com |
| |            ecorma@pszjlaw.com |
| | *Counsel to Plaintiff George L. Miller, Chapter 7 Trustee* |